IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

MERITAGE HOMES
OF FLORIDA, INC., ETC.,

      Appellant/Cross-Appellee,

v.

LAKE ROBERTS LANDING
HOMEOWNERS, ETC.,

      Appellee/Cross-Appellant.
_____/

Case Nos. 5D14-2019
5D14-4463

Opinion filed March 4, 2016

Appeal from the Circuit Court
for Orange County,
Lisa T. Munyon, Judge.

Michael J. Furbush and Anna E.
Ketcham, of Roetzel & Andress, LPA,
Orlando, for Appellant/Cross-Appellee.

Robyn M. Severs and Patrick C.
Howell, of Becker & Poliakoff, P.A.,
St. Augustine, for Appellee/Cross-
Appellant.


PER CURIAM.

Meritage Homes of Florida, Inc. ("Meritage"), defendant below, appeals a final

judgment in favor of Lake Roberts Landing Homeowners Association, Inc. ("Association").

Meritage contends, *inter alia*, that the judgment should be reversed as the trial court's

ruling that the requirement of reserve accounts in the City Code of Winter Garden cannot be waived creates an impermissible conflict with section 720.303(6)(f), Florida Statutes (2008), which expressly grants homeowners associations the right to waive reserves. We affirm, but not for the reasons set forth by the trial court.

Meritage is a Florida corporation that develops, builds, and sells single family homes in Florida. Between May 2007 and May 2011, Meritage purchased, developed, and sold 42 out of the 58 lots in Lake Roberts Landing, a subdivision located in Winter Garden. Lake Roberts is a typical subdivision consisting of single-family homes, common areas, and an automated entry gate. In 2007, Meritage incorporated the Association, which is governed by chapter 617 and chapter 720, Florida Statutes, and by the Declaration of Covenants, Conditions, and Restrictions for Lake Roberts Landing (the "Declaration"). Meritage was the Declarant under the Declaration. The Declaration incorporates the reserve requirements set forth in section 110-157 of the City Code of Winter Garden, which requires annual deposits into four different reserve accounts: a "routine-community subdivision infrastructure maintenance account" for scheduled maintenance and unscheduled repair of the roads, drainage systems, sidewalks, street lights, gates, and other infrastructure in Lake Roberts; and three "capital-repair accounts" for the major repair, replacement, and reconstruction of the subdivision's roads, drainage systems, and other infrastructure improvements. Deposits are supposed to begin during the year in which the City issues a Certificate of Completion for the subdivision's infrastructure.

The initial 2008 annual budget established by Meritage planned for the Association's operating expenses as well as an $11,000 deferred maintenance reserve

account. Meritage asserts that in September 2008, the management company for Lake Roberts prepared a draft of the Association's 2009 annual budget, that this draft budget proposed to waive reserves for 2008 and 2009,[1] and that when the Association's Board of Directors[2] met on October 21, 2008, to approve the budget, it was approved unanimously. Accordingly, no reserves were included in the final budget for 2008 and 2009. Meritage further asserts that despite written notice to all the members, including several homeowners at that point, no member other than Meritage attended the October 21, 2008 meeting; accordingly, asserts Meritage, its attendance constituted a quorum of the Board, as well as a quorum of the membership.

The Association disputes that reserves were properly waived pursuant to section 720.303(6)(f) at this October 21, 2008 *board*, as opposed to members, meeting. We agree with the Association that in order to waive reserves pursuant to section 720.303(6)(f), it is the individual homeowners/unit owners, upon a majority vote at which a quorum is present, that determines whether no reserves or less reserves than required by section 720.303 shall go into effect for the upcoming budget year. We reach such conclusion based on the plain language of section 720.303(6)(f), Florida Statutes (2008), which states that it is only "[a]fter the turnover, [that] the developer may vote its voting interest to waive or reduce the funding of reserves." *See* § 720.303(6)(f), Fla. Stat. (2008) ("Once a reserve account or reserve accounts are established, the membership of the

---

[1] It is unclear to this court how reserves for 2008 can be waived in September or October of 2008.

[2] On October 21, 2008, Meritage controlled the Board, which was comprised of three Meritage employees from the time the Association was established until May 25, 2011, the time of the turnover meeting.

3

association, upon a majority vote at a meeting at which a quorum is present, may provide for no reserves or less reserves than required by this section. If a meeting of the unit owners has been called to determine whether to waive or reduce the funding of reserves and no such result is achieved or a quorum is not present, the reserves as included in the budget shall go into effect. *After the turnover, the developer may vote its voting interest to waive or reduce the funding of reserves.* Any vote taken pursuant to this subsection to waive or reduce reserves shall be applicable only to one budget year." (emphasis added)). Indeed, Meritage, when it controlled the Association, was not even allowed to vote to use reserves for purposes other than those for which they were intended, much less waive reserves altogether. *See* § 720.303(6)(h), Fla. Stat. (2008) ("Reserve funds and any interest accruing thereon shall remain in the reserve account or accounts and shall be used only for authorized reserve expenditures unless their use for other purposes is approved in advance by a majority vote at a meeting at which a quorum is present. *Prior to turnover of control of an association by a developer to parcel owners, the developer-controlled association shall not vote to use reserves for purposes other than those for which they were intended without the approval of a majority of all nondeveloper voting interests voting in person or by limited proxy at a duly called meeting of the association.*" (emphasis added)). Accordingly, based on Meritage's own account of the facts, the 2008 and 2009 reserves were not properly waived at the October 21, 2008 board meeting in which no homeowners of the community were present. Given the same, Meritage was required to fund reserves pursuant to the City Code, as repeated in the community's declaration, and as set forth in the budget. *See* § 720.303(6)(f), Fla. Stat. (2008) ("If a meeting of the unit owners has been called to determine whether to waive or

4

reduce the funding of reserves and no such result is achieved or a quorum is not present, the reserves as included in the budget shall go into effect.").  Consequently, the issue of whether section 720.303(6)(f), Florida Statutes, conflicts with the City Code is not properly before this Court, based on the particular facts of this case, as reserves were not properly waived pursuant to section 720.303(6)(f), Florida Statutes (2008).

In all other respects, we affirm, finding no merit in Meritage's remaining arguments on appeal, nor the Association's argument on cross-appeal.

AFFIRMED.

PALMER and BERGER, JJ., and JACOBUS, Bruce W., Senior Judge, concur.